■ ANDREW BERGSTROM et al., Appellants, v PLAZA CONSTRUCTION et al., Respondents. [791 NYS2d 548]—

Order, Supreme Court, New York County (Ralph A. Boniello, III, J.), entered October 24, 2003, which, in an action by a construction worker for personal injuries allegedly caused by, inter alia, violations of Industrial Code (12 NYCRR) § 23-1.25, denied plaintiff's motion to set aside the verdict, unanimously affirmed, without costs.

Plaintiff argues that although the trial court's charge correctly stated that under Labor Law § 241 (6) a site's owner is vicariously liable for violations of the Industrial Code committed by subcontractors as well as the general contractor, in applying the law to the facts, the charge erroneously limited his claim to one against the owner for Industrial Code violations committed by the general contractor. In fact, plaintiff argues, the evidence showed that it was subcontractors, especially his employer, who committed the Industrial Code violations in issue, for which the general contractor as well as the owner are vicariously liable. However, the claimed error was not preserved by an objection (CPLR 4110-b; see De Long v County of Erie, 60 NY2d 296, 306 [1983]), and it is not so fundamental as to warrant review in the interest of justice (see Goldberg v Wirtosko, 182 AD2d 350 [1992]). In any event, the claimed error requires review of the evidence, yet the only portion of the trial transcript included in the record is the jury charge. Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.